***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Hall and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties. The Full Commission affirms the Opinion and Award of Deputy Commissioner Hall with modifications and enters the following Opinion and Award.
 *********** EVIDENTIARY MATTERS
On December 10, 2009, Defendant AIG Claims Services filed with the Industrial Commission a Motion to Reopen the Record and Receive Additional Evidence. Pursuant to N.C.I.C. Rule 701(6) and in the discretion of the Full Commission, Defendant AIG Claims Services' Motion to Reopen the Record and Receive Additional Evidence is DENIED.
 ***********
Based upon all the competent evidence from the record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. This claim arises from an alleged occupational disease claim filed by Plaintiff on February 15, 2008. On July 14, 2008, Plaintiff served on Defendant AIG Claims Services, Plaintiff's First Set of Interrogatories and Request For Production of Documents, which *Page 3 
Defendant AIG Claims Services received on July 16, 2008 at 1:30 p.m. Defendant AIG Claim Services did not provide a response.
2. On October 30, 2008, Plaintiff again served Defendant AIG Claims Services with Plaintiff's First Set of Interrogatories and Request for Production of Documents. Defendant AIG Claims Services did not respond.
3. On January 29, 2009, Plaintiff filed a Motion to Compel Defendant's Answers to Plaintiff's First Set of Interrogatories and Request for Production of Documents. On February 24, 2009, the Industrial Commission ordered Defendant AIG Claims Services to respond to Plaintiff's First Set of Interrogatories and Request for Production of Documents within ten days. Defendant AIG Claims Services did not respond.
4. On June 24, 2009, Plaintiff filed a Motion to Show Cause alleging that Defendant AIG Claims Services failed to comply with the February 24, 2009 Order of the Industrial Commission compelling Defendant AIG Claims Services to respond to Plaintiff's First Set of Interrogatories and Request for Production of Documents within ten days of the date of the Order. However, Plaintiff's Motion to Show Cause was not verified as required by Rule 11 or the North Carolina Rules of Civil Procedure. Defendant AIG Claims Services did not file a response to Plaintiff's Motion to Show Cause.
5. On July 14, 2009, Chief Deputy Commissioner Wanda Taylor denied Plaintiff's Motion to Show Cause and treated Plaintiff's Motion as a Motion for Sanctions pursuant to North Carolina Industrial Commission Rule 605. Chief Deputy Commission Taylor ordered the parties to appear before the Industrial Commission on August 28, 2009 at 9:00 a.m. in order to consider and determine the imposition of fines, appropriate sanctions, other remedies, and attorney fees. *Page 4 
6. Defendant AIG Claims Services was not represented and did not appear before the Industrial Commission on August 28, 2009 as Ordered.
7. The Full Commission finds that Defendant AIG Claims Services as of the date of the hearing before Deputy Commissioner Hall had not complied with the Industrial Commission Order filed February 24, 2009 which remains in full force and effect.
8. As of the date of the hearing before the deputy commissioner, Defendant AIG Claims Services was able to comply with the February 24, 2009 Order, and the purpose of the Order could have been met through Defendant AIG Claims Services' compliance.
9. Plaintiff's Motion to Show Cause was not verified as required by Chapter 5A of the North Carolina General Statutes. Therefore, the Motion to Show Cause, as filed, was treated as a Motion for Sanctions pursuant to Rule 605.
10. Defendant AIG Claims Services received notice of the Show Cause hearing on July 16, 2009, but failed to show on the date of hearing. Defendant AIG Claims Services failed to ask for a continuance and never notified the Industrial Commission it would not be attending the hearing on August 28, 2009. A second notice of hearing was sent to Defendant AIG Claims Services and the United States Postal Service attempted to deliver it on August 21, 2009 and a notice was left notifying Defendant AIG Claims Services where they could pick up the package. As of August 28, 2009, Defendant AIG Claims Services had not claimed the second notice of hearing from the United States Postal Service.
11. Plaintiff's counsel appeared for the hearing before Deputy Commissioner Hall on August 28, 2009 and was ready to proceed. Plaintiff's counsel worked 11 hours in pursuing this show cause motion, hearing, and travel related to the hearing and requested Defendant AIG Claims Services to pay attorney fees in the amount of $225.00 per hour. Defendant AIG Claims *Page 5 
Services failed to appear and did not object.
12. Defendant AIG Claims Services' failure to comply with the February 24, 2009 Order of the Industrial Commission compelling them to respond to Plaintiff's First Set of Interrogatories and Request for Production of Documents within 10 days and failure to appear for the hearing in this matter on August 28, 2009 is unreasonable and based in stubborn, unfounded litigiousness.
 ***********
Based on the foregoing Stipulations and Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. In addition to depositions and production of books and records provided for in N.C. Gen. Stat. § 97-80, parties may obtain discovery by the use of interrogatories after the filing of a Form 18, Form 18B, or Form 33, or after approval of Form 21. N.C.I.C. Rule 605. The party on whom the interrogatories have been served shall serve a copy of the answers, and objections, if any, within 30 days after service of the interrogatories. Id. If there is a failure to answer an interrogatory, the party submitting the interrogatories may move the Industrial Commission for an order compelling answer. Id. If the Industrial Commission orders answer to an interrogatory within a time certain and no answer is made, the Industrial Commission may issue an order with appropriate sanctions, including but not limited to the sanctions specified in Rule 37 of the North Carolina Rules of Civil Procedure. N.C.I.C. Rule 605. Sanctions may be imposed for failure to comply with a Commission order compelling discovery. Id.
2. In this case, Defendant AIG Claims Services failed to timely respond to Plaintiff's First Set of Interrogatories and Request for Production of Documents and failed to comply with *Page 6 
the February 24, 2009 Order of the Industrial Commission compelling them to respond to Plaintiff's First Set of Interrogatories and Request for Production of Documents within ten days. Id.
3. In addition, upon failure to comply with any of the Industrial Commission rules, the Industrial Commission may subject the violator to any of the sanctions outlined in Rule 37 of the North Carolina Rules of Civil Procedure, including reasonable attorney fees to be taxed against the party or his counsel whose conduct necessitates the order. N.C.I.C Rule 802.
4. As Defendant AIG Claims Services has violated N.C.I.C. Rule 605 and has failed to comply with the February 24, 2009 Order of the Commission compelling discovery, Defendant AIG Claims Services should be sanctioned as follows pursuant to N.C. Gen. Stat. § 97-88.1, Industrial Commission Rules, and Rule 37 of the North Carolina Rules of Civil Procedure:
 a. Plaintiff's attorney is entitled to have Defendant AIG Claims Services pay directly to him an attorney's fee at the rate of $225.00 per hour for the time spent prosecuting this claim before the Full Commission.
 b. Plaintiff's attorney is entitled to have Defendant AIG Claims Services pay directly to him $2,475.00 in attorney's fees for time spent prosecuting this claim through the hearing before Deputy Commissioner Hall.
 c. Defendant AIG Claims Services shall not be allowed to oppose plaintiff's Lung Disease claim as filed on an Industrial Commission Form 18B on February 15, 2008.
 d. Defendant AIG Claims Services shall pay a reasonable sanction to the North Carolina Industrial Commission in the amount of $500.00 per day *Page 7 
until they have complied with the February 24, 2009 Order of the Industrial Commission compelling them to respond to Plaintiff's First Set of Interrogatories and Request for Production of Documents. N.C.I.C. Rule 605.
 ***********
Based on the foregoing Findings of Fact and Conclusions of Law, the Full Commission makes the following:
 AWARD
1. Defendant AIG Claims Services shall pay directly to Plaintiff's counsel an attorney's fee at the rate of $225.00 per hour for the time spent prosecuting this claim before the Full Commission once approved by the Industrial Commission. Plaintiff's counsel shall submit an affidavit of hours spent prosecuting this claim before the Full Commission to the Full Commission within ten days of receipt of this Opinion and Award along with a proposed Order awarding attorney's fees pursuant to this Award.
2. Defendant AIG Claims Services shall pay directly to Plaintiff's counsel $2,475.00 in attorney's fees for time spent prosecuting this claim through the hearing before Deputy Commissioner Hall.
3. Defendants AIG Claims Services shall be precluded from opposing the compensability of Plaintiff's Lung Disease Claim as filed on an Industrial Commission Form 18B on February 15, 2008.
4. Defendant AIG Claims Services failed to comply with an Order of the Commission and shall pay a sanction to the North Carolina Industrial Commission in the amount of $500.00 per day beginning on September 4, 2009 until compliance with the February 24, *Page 8 
2009 Order of the Industrial Commission compelling them to respond to Plaintiff's First Set of Interrogatories and Request for Production of Documents.
5. Defendant AIG Claims Services shall pay the court costs.
This the 14th day of April 2010.
 S/___________________ STACI T. MEYER COMMISSIONER
CONCURRING:
 S/___________________ PAMELA T. YOUNG CHAIR
 S/___________________ DANNY LEE McDONALD COMMISSIONER *Page 1